UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TYRONE POWERS-IVEY,

        Plaintiff,

           v.                        CAUSE NO. 3:24-CV-134-JTM-APR

R. HARRIS,

        Defendants.

OPINION AND ORDER

Tyrone Powers-Ivey, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Powers-Ivey alleges that on January 5, 2024, Officer R. Harris was working on his dorm at Westville Correctional Facility and punished the entire dorm unjustly by shutting down the dayroom and turning off the phones, TVs, microwaves, and hot pots. Powers-Ivey demanded that the sergeant be called, and when the sergeant arrived, he told the Harris that his actions were unwarranted and reversed them. The fact that his superior took the side of the offenders shocked Harris.

The next day, on January 6, 2024, Officer Harris worked on Powers-Ivey's dorm again and singled out Powers-Ivey for retaliation by allegedly going into his room and throwing his property, including clothes, mattress, shoes, and books, into the hallway. When he was done, Powers-Ivey started to clean up his belongings, but Harris yelled and screamed at him, telling him he better not touch anything. If he did, Harris threatened to handcuff Powers-Ivey, call for backup, and drag him by his cuffs to GSC and make him "disappear." (DE # 1 at 2.) Powers-Ivey took this threat seriously because he believed the officers at the GSC Complex have a reputation for brutally attacking offenders and causing deaths. So, he left his property in the hallway.

Powers-Ivey plausibly alleges a First Amendment claim for retaliation based on Officer Harris removing his property from his cell and preventing him from putting it back with the threat of violence. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quotation marks omitted). Complaining to a supervisor about a staff member is protected First Amendment activity, as long as it was communicated in a way that is consistent with legitimate penological interests. *See Watkins v. Kasper*, 599 F.3d 791, 794–95 (7th Cir. 2010). For example, complaining to a supervisor about an officer's behavior is protected, but directing those same statement to the officer "as a challenge to their authority" is not. *Caffey v. Maue*, 679 F. App'x 487, 490 (7th Cir. 2017)

("Inmates retain a First Amendment right to complain about prison staff, whether orally or in writing, but only in ways consistent with their status as prisoners."). Similarly, the alleged targeted cell search, conducted in the manner described above, and the threat of violence is a plausible adverse action that could be likely to deter future First Amendment activity. Powers-Ivey may proceed on a retaliation claim against Harris.

A couple days later, on January 8, 2024, Powers-Ivey alleges Officer Harris worked in his dorm again and again attempted to unjustly take the dayroom, TVs, phones, and hot pots away. Powers-Ivey again asked to speak to the sergeant, but Harris would not let him. Instead, Harris grabbed his mace and ordered Powers-Ivey to leave the dayroom. As Powers-Ivey began to leave the day room, he told Harris that he had the right to speak to a sergeant or lieutenant and that he would be submitting a formal grievance against him. This caused Harris to say, "I told you I'd get you," run up, and spray mace wildly as Powers-Ivey ran away.

Officer Harris called for backup, and a sergeant arrived, who took Powers-Ivey to be decontaminated and to be checked by medical. Powers-Ivey alleges he suffers from night terrors and other mental distress from the incident.

Powers-Ivey plausibly states an Eighth Amendment claim for excessive force based on Officer Harris' use of mace. Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009)

(quotation marks omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, Powers-Ivey alleges that Harris used mace not because he was posing a threat, but because he asked to see a supervisor.

For these reasons, the court:

(1) **GRANTS** Tyrone Powers-Ivey leave to proceed against Officer R. Harris in his individual capacity for compensatory and punitive damages for retaliating against him on or around January 6, 2024, by removing the property from his cell and preventing him from putting it back under threat of violence in violation of the First Amendment;

(2) **GRANTS** Tyrone Powers-Ivey leave to proceed against Officer R. Harris in his individual capacity for compensatory and punitive damages for using excessive force on or around January 8, 2024, by spraying him with mace after he asked to speak to a sergeant even though he was not a threat in violation of the Eighth Amendment;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer R. Harris at the Indiana Department of Correction, with a copy of this order and the complaint (DE # 1);

(5) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Officer R. Harris to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: August 7, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

5